UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. QUILLEN, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01370-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIMS FOUND TO BE COGNIZABLE<br><br>[ECF No. 1] |

Plaintiff Devonte B. Harris is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed on October 12, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare

1

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

In December 2012, Plaintiff was incarcerated at California State Prison, Corcoran and housed in the Security Housing Unit (SHU). A. Belnap served Plaintiff written notification that he was going to Institutional Classification Committee (ICC) for a SHU annual review to determine whether he would be retained in the SHU. California Department of Corrections and Rehabilitation (CDCR) policy requires 72-hour written notice before adverse ICC action can be taken against a prisoner. CDCR policy allowed ICC to designate inmates who received two or more serious rule violation reports in a six month period as a "program failure." ICC can make program failures send their appliances home or subject to disposal. Plaintiff did not receive notice that he was being considered for program failure.

On December 19, 2012, Quillen and Hurtado went to Plaintiff's cell, handcuffed him behind his back and escorted him to a conference room for ICC. The ICC members consisted of Sandor, Molina, Thomas and Bugarin. During ICC, Plaintiff requested review of his central file to exercise his First Amendment right to pursue litigation against prison officials. Sandor retorted, he did not know

how Plaintiff was going to do that being a pervert. Plaintiff responded that he was not just a pervert, he was a legal expert.

In retaliation, ICC engaged in adverse action by making Plaintiff dispose of all his personal property, except legal material related to active cases. ICC members abused the program failure procedure as a cover and ruse to silence and punish Plaintiff for pursing litigation against prison officials.

On December 19, 2012, after Plaintiff's ICC hearing, Quillen and Hurtado placed Plaintiff in a holding cage in the rotunda of the housing unit. Quillen, Hurtado, Carranza, Alvarado and Perez then went to Plaintiff's cell and removed all of his personal and legal property. Plaintiff refused to be placed back into his cell since ICC exempted his legal property and staff took it anyway. Molina then directed staff to place seven cubic feet of Plaintiff's legal property back in his cell, which they did indiscriminately. Quillen and another officer escorted Plaintiff back to his cell. However, Plaintiff noticed that legal material he needed for an impeding deadline was missing and Plaintiff asked Quillen to do an exchange for it. When Quillen refused, Plaintiff refused to relinquish his handcuffs and was secured in his cell.

Quillen seized Plaintiff and tried to pull him by the handcuffs through the tray slot of the cell door. Plaintiff freed himself from Quillen and retreated to safety in the back of the cell, where he requested the presence of a sergeant. Quillen summoned officers Carranza, Alvarado, Hurtado, Perez and motion for Magana who was in the control booth to open Plaintiff's cell door. Quillen entered Plaintiff's cell first, shaking his pepper spray canister while pointed at Plaintiff's face. Plaintiff turned his back to Quillen to prevent a direct pepper spray burst to his face. Officers then seized Plaintiff's handcuffs, attached a security triangle and dragged him out of the cell. They threw Plaintiff against the adjacent cell door and began kicking Plaintiff. Plaintiff was then pushed back into the cell and the handcuffs were removed.

Approximately ten minutes later, pysch tech J. Pratt arrived at Plaintiff's cell to conduct a medical evaluation and Plaintiff advised him regarding the use of excessive force. Later that night, Plaintiff gave officer P. DeOchoa an interview requested to provide to the sergeant which he did. The sergeant should have verbally notified the incident commander and a videotape interview documenting

3

Plaintiff's injuries should have been conducted within twenty-eight hours. Sergeant J. Nail returned Plaintiff's interview request unanswered.

On December 19, 2012, December 20, 2012, December 22, 2012 and December 24, 2012, Plaintiff submitted claims regarding the use of force and requested medical treatment.

On December 20, 2012, Plaintiff submitted an administrative appeal which included a request for a videotape interview. On December 24, 2012, Registered Nurse J. Faldon treated Plaintiff's wrist injury and prescribed 200 milligrams of Ibuprofen.

On January 12, 2013, Molina conducted a videotape excessive force interview documenting Plaintiff's injuries, well after they had significantly healed and were barely visible.

## III.

## DISCUSSION

### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on Plaintiff's allegations in the complaint, Plaintiff states a cognizable retaliation claim against Defendants Sandor, Molina, Thomas and Bugarin for confiscating and disposing of his personal and legal property because he pursued litigation against prison officials.

///
///
///
///

**B.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley v. Albers, 475 U.S. 312, 321 (1986). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 559 U.S. at 37-38. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force. Hudson, 503 U.S. at 9-10.

Based on Plaintiff's allegations in the complaint, Plaintiff states a cognizable excessive force claim against Defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana.

**C.     Deprivation of Personal Property**

To the extent Plaintiff is attempting to state a claim under the Due Process Clause, he fails to state a cognizable claim for relief. The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson, 545 U.S. at 221 (quotation marks omitted). The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517,

5

533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). In this instance, Plaintiff has alleged an unauthorized deprivation of his personal and legal property, and Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§ 810-895).

### D. Violation of CDCR Regulations/Policy

"[W]hen a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action." Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996) (citation omitted). "However, Section 1983 limits a federal court's analysis to the deprivation of rights secured by the federal Constitution and laws," and "[t]o the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress." Lovell, 90 F.3d at 370-71 (citation and internal quotation marks omitted). In addition, conduct may violate a written policy without violating the Constitution. See Walker v. Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994) (federal due process is not implicated when prison officials fail to comply with state procedural protections that are more generous than those that are constitutionally mandated), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) ("[A] prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."). Thus, the mere violation of a prison rule or regulation does not necessarily establish a constitutional violation. Accordingly, Plaintiff fails to state a cognizable claim for relief for an alleged violation of a CDCR regulation and/or policy.

### E. Declaratory Relief

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington,

759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary in this action.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Sandor, Molina, Thomas and Bugarin for retaliation in violation of the First Amendment and against Defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana for excessive force in violation of the Eighth Amendment. However, Plaintiff has not sufficiently alleged facts to state any other cognizable claims or claims against any other defendant. The Court will provide Plaintiff with the opportunity to file an amended complaint to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Sandor, Molina, Thomas and Bugarin for retaliation and against Defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana for excessive force, Plaintiff may so notify the Court in writing, and the Court will dismiss the other defendants and claims, and will forward Plaintiff ten (10) summons and ten (10) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Sandor, Molina, Thomas and Bugarin for retaliation and against Defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana for excessive force; and

///
///
///
///
///
///
///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __**October 19, 2017**__

UNITED STATES MAGISTRATE JUDGE