UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>    Plaintiff,<br><br>  v.<br><br>T. QUILLEN, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01370-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO POST SECURITY AS A VEXATIOUS LITIGANT<br><br>[ECF No. 33] |

Plaintiff Devonte B. Harris is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to require Plaintiff to post security as a vexatious litigant, filed April 8, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Sandor, Molina, Thomas and Bugarin for retaliation, and against defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana for excessive force.

Defendants filed an answer to the complaint on June 29, 2018. On July 2, 2018, the Court issued the discovery and scheduling order.

///

As previously stated, on April 8, 2019, Defendants filed a motion to require Plaintiff to post security as a vexatious litigant. Plaintiff filed an opposition on May 28, 2019, and Defendants filed a reply on June 3, 2019. Accordingly, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A. Defendants' Motion

Defendants seek to have Plaintiff declared a vexatious litigant, post security in the amount of $50,000, and issue a pre-filing order prohibiting him from filing any new litigation without first obtaining leave of Court to do so. Local Rule 151(b) of the Eastern District of California, which provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b) (emphasis added). Defendants argue that Plaintiff is a vexatious litigant as defined by California Civil Procedure Code § 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1.

### B. Vexatiousness Under Federal Law

The Court finds that Local Rule 151(b) is a procedural rule which allows courts in this district to impose payment of a security if the plaintiff is found to be vexatious. Because Local Rule 151(b) is a procedural rule, the Court must look to federal substantive law, not California law, for the definition

2

of vexatiousness and whether posting of security should be required.  See, e.g., Smith v. Officer Sergeant, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) (the court looks to federal law, not state law, to define a vexatious litigant."); Cranford v. Crawford, Case No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *3 (E.D. Cal. Aug. 31, 2016 ("… the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); Goolsby v. Gonzales, Case No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1-2 (E.D. Cal. May 29, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower.  While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent…. [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness."); Stringham v. Bick, Case No. CIV S-09-0286 MCE DAD P, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (although more than five unsuccessful lawsuit had been filed in the preceding seven years, the court could not find that the filings were so "numerous or abusive" or "inordinate" to warrant a vexatious order).

The Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter a pre-filing order against a vexatious litigant, but a pre-filing order is "an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).  A pre-filing order "can tread on a litigant's due process right of access to the courts" and it should not be entered "with undue haste" or without "a cautious review of the pertinent circumstances." Id. (citation omitted).  The focus under federal law is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. Id. at 1061; De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990).  Prior to entering a pre-filing order against a litigant, (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted).

In order to sanction a litigant pursuant to the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). "Bad faith" mean a party or counsel acted vexatiously, wantonly or for oppressive reasons." Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991). Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The Ninth Circuit has defined vexatious litigant as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012).

Defendants argue that Plaintiff has commenced or maintained fifteen unsuccessful lawsuits in the past seven years, and he is unlikely to succeed on the merits of this case.[1] Defendants have cited the following eighteen cases in support of their motion:

1. Harris v. Gardner, et al., (9th Circuit, Case No. 10-17809). Plaintiff appealed the district court's entry of summary judgment against him in the underlying case, in which he claimed Defendants violated his right to access of the courts. In a memorandum dated May 7, 2012, the Ninth Circuit affirmed, finding the district court properly granted summary judgment. On August 17, 2012, the Court denied Plaintiff's petition for an en banc rehearing, and the mandate issued this same date. (RJN, Ex. A.)

2. Harris v. Staggs, et al., (Kings County Superior Court Case No. 13C0186)

On October 27, 2014, the Court entered judgment, after sustaining the Defendants' demurrer to Plaintiff's second amended complaint, without leave to amend. (RJN, Ex. B.)

3. Harris v. Staggs, et al., (CA 5th District Court of Appeal Case No. F071849)

On October 22, 2015, Plaintiff's appeal of the October 27, 2014, judgment in the King County Superior Court was dismissed as abandoned. (RJN, Ex. C.)

4. Harris v. Davis, et al., (N.D. Cal. Case No. C-08-5631 TEH)

On October 2, 2012, the Court granted the Defendants' motion for summary judgment and

---

[1] Defendants' request to take judicial notice ("RJN") of the fifteen cases is granted. (ECF No. 33-2); See Fed. R. Evid. 201; see also United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take judicial notice of court records in other cases); ECF No. 126-13.

4

judgment was entered in their favor. (RJN, Ex. C, ECF No. 36-filed under seal.)

     5.     <u>Harris v. Davis, et al.</u>, (9th Circuit Case No. 12-17518)

Plaintiff appealed the district court's entry of summary judgment in the underlying case, above, in which he alleged privacy and due process violations). In a memorandum filed July 7, 2014, the Ninth Circuit affirmed, finding the district court properly granted summary judgment. The mandate issued on November 4, 2014. (RJN, Ex. E.)

     6.     <u>Harris v. Roberts, et al.</u>, (Kings County Superior Court Case No. 11CV1114)

On March 26, 2012, the Court sustained the Defendants' demurrer with leave to amend, finding the complaint failed to state facts sufficient to constitute a cause of action, and failed to show exhaustion of administrative remedies. The Court dismissed the action on November 1, 2012, after Plaintiff failed to file an amended complaint. (RJN, Ex. F.)

     7.     <u>Harris v. Thom, et al.</u>, (9th Circuit Case No. 11-15885)

Plaintiff appealed the underlying case number 5:09-cv-00100-JF (N.D. Cal.) alleging retaliation and excessive force. In a memorandum filed September 25, 2012, the district court's decision dismissing the claims was affirmed, and petition for rehearing en banc was denied on February 1, 2013. The mandate issued on February 12, 2013. (RJN, Ex. G.)

     8.     <u>Harris v. Recek, et. al.</u>, (Kings County Superior Court No. 11C0218)

On December 29, 2014, the Superior Court sustained without leave to amend the Defendants' demurrer to al causes of action in Plaintiff's second amended complaint, except as to one cause of action for denial of access to the courts, which was sustained with leave to amend. On January 28, 2015, Plaintiff filed a motion for voluntary dismissal and the case was dismissed. (RJN, Ex. H.)

     9.     <u>Harris v. Velo-Lopez, et al.</u>, (E.D. Cal. Case No. 1:15-cv-01629-MJS)

On October 12, 2016, the instant action was dismissed, with prejudice, for failure to state a cognizable claim for relief and judgment was entered (RJN, Ex. I.)

     10.     <u>Harris v. Velo-Lopez, et al.</u>, (9th Circuit Case No. 16-17036)

Plaintiff appealed the district court's judgment of dismissal in the underlying case, above. In a memorandum filed May 31, 2017, the Ninth Circuit affirmed, finding the district court properly dismissed the claims. The mandate was issued on June 22, 2017. (RJN, Ex. J.)

1     11.     Harris v. Arredondo, et al., (Kings County Superior Court Case No. 14C0250)

On February 23, 2015, judgment was entered after the superior court granted its sua sponte motion for judgment on the pleadings and motion to dismiss without leave to amend. (RJN, Ex. K.)

12.     Harris v. Kings County District Attorney's Office (Kings County Superior Court Case No. 14CV0582)

On January 21, 2015, Plaintiff dismissed the case, and the hearing set for Defendants' demurrer to his complaint was taken off calendar. (RJN, Ex. L.)

13.     Harris v. Peakheart (Log Angeles County Superior Court Case No. BC489274)

The superior court entered judgment on the pleadings in favor of Defendant on March 11, 2013, after Plaintiff failed to oppose the Court's judicial motion for judgment on the pleadings. (RJN, Ex. M.)

14.     Harris v. Gallagher (E.D. Cal. Case No. 1:18-cv-00008-BAM)

The district court issued an order closing the case after Plaintiff filed a notice of voluntary dismissal. (RJN, Ex. N.)

15.     Harris v. German, et al., (E.D. Cal. Case No. 1:13-cv-01585-LJO-DLB)

The district court issued an order closing the case after Plaintiff filed a notice of voluntary dismissal. (RJN, Ex. O.)

Defendants contend that Plaintiff is a vexatious litigant as defined by California law, and therefore this Court should require him to post security. Defendants, however, rely exclusively on California law and do not address the federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff. Defendants merely cite the fifteen cases listed above and argue that these cases were decided adversely against him in the past seven years, which is the vexatious standard under California law. See Cal. Civ. Proc. Code § 391(b)(1) (A person who, "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been … finally determined adversely to the person …" is a vexatious litigant.).

///

///

As previously stated, to sanction a litigant under the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink, 239 F.3d at 994. Although Defendants set forth several cases filed by Plaintiff, they have not applied and argued the applicable federal law to determine that Plaintiff is a bad faith litigant under federal law, and the Court will not analyze the issue sua sponte. Indeed, of the fifteen cases cited by Defendants, four were voluntarily dismissed, three were rulings and/or affirmance of motion for summary judgment, and one was dismissed for failure to file an amended complaint. Defendants do not address or reference the federal standard of vexatiousness and have failed to demonstrate that Plaintiff's action were "patently without merit" or filed with the intent to harass Defendants. Molski, 500 F.3d at 1059-60. Therefore, the Court declines to find, based on the record before it, that Plaintiff is a vexatious litigant under federal law, and Defendants' motion to declare Plaintiff a vexatious litigant should be denied.

### C. Statute of Limitations

Defendants also argue that this action is barred by the statute of limitations based on the face of the complaint, which serves as an independent basis to dismiss the action.

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have

their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. California's equitable tolling statute applies to both prisoners and civil detainees. Id. Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.")

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been

satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at 101-103.

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

If running of the statute of limitations is apparent on the face of a complaint, a claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6). Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations and quotation marks omitted); see also Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001) (stating that, "only in the rare case" could the analysis of California's equitable tolling doctrine proceed at the pleading stage). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal citations and quotation marks omitted).

///

///

Defendants argue that this events at issue in this action accrued in December 2012. However, Plaintiff did not file his complaint until October 6, 2017 (with applicable of the mailbox rule), which is more than four years after the events and accrual of his claims.

In opposition, Plaintiff argues that he is entitled to tolling while he exhausted the administrative remedies which occurred on May 8, 2013 and June 26, 2013. Plaintiff further argues that he is entitled to equitable tolling because he previously filed an action in this Court in Harris v. Gipson, Case No. 17-cv-00640-DAD-SAB (E.D. Cal.), involving the same claims as the present action. However, after the Court issued a screening order advising Plaintiff that he had improperly joined claims in Gipson, he voluntarily dismissed Defendants in this case, and filed the present action. Plaintiff contends he "is entitled to at least 3 months of added equitable tolling which would make his complaint timely."

Pursuant to Ninth Circuit authority, Plaintiff is entitled to tolling while completing the mandatory exhaustion of the administrative remedies. Here, on the form complaint, Plaintiff indicates that the exhaustion process was complete on May 8, 2013 and June 26, 2013; however, the Court cannot determine when the exhaustion process began to properly calculate the complete time Plaintiff is entitled to tolling. Brown v. Valoff, 422 F.3d at 942-43. Without such information, it is not clear from the face of the complaint that the instant action is untimely. In addition, without an adequate record and further development, the Court cannot determine if Plaintiff is entitled to any equitable tolling under California law for the filing of the first action. Accordingly, Defendants' motion to dismiss the instant action as untimely should be denied.[2]

### III.

### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to declare Plaintiff a vexatious litigant and post security be denied; and

2. Defendants' motion to dismiss the instant action as untimely be denied.

---

[2] Defendants are not foreclosed from raising the affirmative defense at a later date by way of motion for summary judgment supported with adequate evidence.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 26, 2019**__

UNITED STATES MAGISTRATE JUDGE