| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>T. QUILLEN, et al.,<br><br>Defendants. | No. 1:17-cv-01370-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION TO REQUIRE PLAINTIFF TO POST SECURITY AS A VEXATIOUS LITIGANT<br><br>(Doc. Nos. 33, 48) |

Plaintiff Devonte B. Harris is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 27, 2019, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to require plaintiff to post security as a vexatious litigant (Doc. No. 33) be denied. (Doc. No. 48.) Specifically, the magistrate judge found that defendants relied solely on California law to argue the plaintiff was a vexatious litigant but did "not address the federal substantive law requirements to show bad faith or willful disobedience of a court's order by Plaintiff." (*Id*. at 6.) On July 26, 2019, defendants filed objections to the pending findings and recommendations. (Doc. No. 49.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, defendants contend that they do not "seek to have Plaintiff declared a vexatious litigant" and that the magistrate judge "construed their motion and request more broadly than it has been made." (Doc. No. 49 at 1–2.) Defendants assert that the magistrate judge "mistakenly conclude[d] that there must be a finding of 'vexatiousness' under federal law." (*Id.* at 3.)

The court find defendants' first objection to be both confusing and inconsistent with the motion they brought before the magistrate judge. That motion clearly sought an order from this court "**REQUIR[ING] PLAINTIFF TO POST SECURITY AS A VEXATIOUS LITIGANT**[.]" (Doc. No. 33-1 at 1; *see also id.* at 8 ("[T]he Court should grant Defendants' motion, declare [plaintiff] a vexatious litigant, and require him to post security before this action proceeds.").) Thus, defendants' objection—that a finding that plaintiff is a vexatious litigant is not necessary to grant their motion—contradicts the very argument advanced in their motion.

With respect to defendants' second objection that the magistrate judge erred in analyzing the applicable law, the court finds that defendants are incorrect. Local Rule 151(b), the local rule pursuant to which defendants brought their motion (*see* Doc. No. 33-1 at 6), states:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

"While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of

/////

/////

2

vexatiousness."[1] *Goolsby v. Gonzales*, No. 1:11-cv-00394-LJO-GSA, 2014 WL 2330108, at *1 (E.D. Cal. May 29, 2014), *report and recommendation adopted,* No. 1:11-cv-00394-LJO-GSA, 2014 WL 3529998 (E.D. Cal. July 15, 2014). "[U]nder federal law, the standard for declaring a litigant vexatious is more stringent" than the standard under California law. *Id.* The pending findings and recommendations correctly note that under federal law "the simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* at 1051 (internal quotation marks and citation omitted). "The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided." *Cranford v. Crawford*, No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *2 (E.D. Cal. Aug. 31, 2016).

Here, the magistrate judge correctly found that defendants' citing to fifteen actions that plaintiff previously filed is not sufficient to designate him a vexatious litigant, especially in light of the magistrate judge's finding that "of the fifteen cases cited by Defendants, four were voluntarily dismissed, three were rulings and/or affirmance of motion for summary judgment, and one was dismissed for failure to file an amended complaint." (Doc. No. 48 at 7.) Defendants also contend that "courts in this district have not adopted a requirement of a showing of 'vexatiousness[]' . . . as a prerequisite to an order to post security." (Doc. No. 49 at 5.) Here, however, defendants specifically moved for an order requiring plaintiff to post security *as a vexatious litigant*, but they have failed to establish that plaintiff is a vexatious litigant. Accordingly, defendants' motion (Doc. No. 33) will be denied.

In the pending findings and recommendations, it was also recommended that defendants' motion to dismiss the instant action as untimely be denied. (Doc. No. 48 at 10.) The undersigned

---

[1] Defendants counter, arguing that in other cases judges of this court have applied the standard set by California law to the vexatiousness determination. (*See* Doc. No. 49 at 4–5.) The cited opinions, however, are not binding decisions, nor do they address the fact that Local Rule 151(b) incorporated Title 3A, part 2 of the California Code of Civil Procedure "as a *procedural* Rule," as opposed to a substantive one.

3

notes that defendants did not file a motion to dismiss, but rather merely mentioned in a footnote in their reply brief that the court should alternatively dismiss this action as time-barred. (Doc. No. 46 at 3.) To support their argument that plaintiff is unlikely to prevail in this action, defendants assert that the statute of limitations bars his claims because he filed his complaint on October 6, 2017, which was more than four years after he had exhausted his administrative remedies. (Doc. No. 49 at 5.) The magistrate judge concluded that the court "cannot determine when the exhaustion process began to properly calculate the complete time Plaintiff is entitled to tolling," and "[w]ithout such information, it is not clear from the face of the complaint that the instant action is untimely." (Doc. No. 48 at 10.) In their objections to the pending findings and recommendations, defendants argue that plaintiff's claims are time-barred even if the court assumes the longest possible time allowed, by tolling the entire period preceding plaintiff's exhaustion of administrative remedies and commencing the running of the four-year statute of limitations on June 26, 2013, which is when plaintiff states he exhausted his administrative remedies. (Doc. No. 49 at 5.) Defendants also argue that plaintiff is not entitled to the further tolling that he seeks for the pendency of a case he previously filed and dismissed voluntarily. (*Id*. at 6.) However, as noted in the pending findings and recommendations, plaintiff voluntarily dismissed that earlier case, *Harris v. Gipson*, 1:17-cv-00640-DAD-SAB (E.D. Cal.), after the court issued a screening order advising plaintiff that he had improperly joined his claims—the same claims that he brings against the same defendants in this action. (Doc. No. 48 at 10.) In their objections, defendants do not address the fact that plaintiff's voluntary dismissal in *Gipson* was in response to the court's screening order in that case. The magistrate judge concluded that "without an adequate record and further development, the Court cannot determine if Plaintiff is entitled to any equitable tolling under California law for the filing of the [*Gipson*] action." (*Id*. at 10.) The undersigned agrees with the findings and recommendations that it is not clear from the face of the complaint that this action is untimely. Accordingly, to the extent defendants have moved to dismiss plaintiff's complaint as being time-barred under the statute of limitations, that motion is also denied.

/////

4

For the reasons set forth above,

1. The findings and recommendations issued on June 27, 2019 (Doc. No. 48) are adopted in full;
2. Defendants' motion for an order requiring plaintiff to post security as a vexatious litigant (Doc. No. 33) is denied;
3. Defendants' motion to dismiss this action as untimely is denied; and
4. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 27, 2020**

UNITED STATES DISTRICT JUDGE