UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>T. QUILLEN, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01370-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF AND DEFENDANTS' MOTION TO EXTEND THE DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES<br><br>[ECF Nos. 57, 58] |

    Plaintiff Devonte B. Harris is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion to extend the discovery and dispositive motion deadlines, filed February 14, 2020, and Defendants' motion to extend the discovery and dispositive motion deadlines, filed March 4, 2020. (ECF Nos. 57, 58.)

**I.**

**RELEVANT BACKGROUND**

    This action is proceeding against Defendants Sandor, Molina, Thomas and Bugarin for retaliation, and against defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana for excessive force.

///

1

| | |
|---|---|
| 1 | Defendants filed an answer to the complaint on June 29, 2018.  (ECF No. 21.)  On July 2, |
| 2 | 2018, the Court issued the discovery and scheduling order.  (ECF No. 22.) |
| 3 | On October 30, 2018, the Court set a settlement conference before Magistrate Judge Jeremy D. |
| 4 | Peterson on January 18, 2019, and the action was stayed for 120 days.  (ECF No. 23.) |
| 5 | After the case did not settle, the Court issued an amended discovery and scheduling order on |
| 6 | January 29, 2019.[1]  (ECF No. 32.) |
| 7 | On April 8, 2019, Defendants filed a motion to require Plaintiff to post security as a vexatious |
| 8 | litigant.  (ECF No. 33.)  Plaintiff filed an opposition on May 28, 2019, and Defendants filed a reply on |
| 9 | June 3, 2019.  (ECF Nos. 45, 46.) |
| 10 | On June 27, 2019, the undersigned issued Findings and Recommendations recommending |
| 11 | Defendants' motion to require Plaintiff to post security as a vexatious litigant be denied.  (ECF No. |
| 12 | 48.)  The Findings and Recommendations were adopted in full on January 28, 2020, and Defendants' |
| 13 | motion was denied.  (ECF No. 54.) |
| 14 | As previously stated, on February 14, 2020, Plaintiff filed a motion to extend the discovery and |
| 15 | dispositive motion deadlines.  (ECF No. 57.) |
| 16 | On March 4, 2020, Defendants filed an opposition to Plaintiff's motion, and a separate motion |
| 17 | to extend the dispositive motion deadline and discovery deadline for the limited purpose of taking |
| 18 | Plaintiff's deposition.  (ECF Nos. 58, 59.)  Plaintiff filed a reply to Defendants' opposition on March |
| 19 | 30, 2020.  (ECF No. 60.) |

**II.**

**DISCUSSION**

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order.  Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling

---

[1] The Court subsequently extended the discovery and dispositive motions to February 27, 2020 and April 27, 2020, respectively.  (ECF No. 55.)

order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." Kuschner Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009).

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference …" Jackson v. Laureate, Inc, 186 F.RD. 605, 608 (E.D. Cal. 1999).

**A.   Plaintiff's Motion to Extend the Discovery and Dispositive Motion Deadlines**

Plaintiff seeks to extend the discovery and dispositive motions for sixty days. Plaintiff contends that the first set of discovery requests served on Defendants were "preliminary" and he needs to "flesh out" facts regarding their defense regarding the complaints of excessive force against Defendants by other inmates. (Mot. at 3, ECF No. 57.)

Here, given that discovery in this case was stayed twice, once for purpose of conducting a settlement conference and once because Defendants filed a motion to declare Plaintiff a vexatious litigant and post security, the Court finds good cause to extend the discovery deadline by sixty days. In addition, Defendants were relieved of the obligation to respond to Plaintiff's second set of discovery requests until thirty days after the final ruling on their motion to declare Plaintiff a vexatious

litigant, i.e. February 27, 2020. (ECF Nos. 41, 42, 54, 55.) Thus, it is reasonable for Plaintiff to need to conduct further discovery in response thereto. Accordingly, Plaintiff's motion shall be granted.

### B.     Defendants' Motion to Extend the Discovery and Dispositive Motion Deadlines

Defendants seek to extend the discovery deadline for the limited purpose of taking Plaintiff's deposition. Defendants submit that they have attempted to take Plaintiff's deposition on two occasions but Plaintiff was not able to be attend. Defendants also seek to extend the correlating dispositive motion deadline to allow then time to prepare and file the motion after the deposition is taken.

Defendants initially noticed Plaintiff's deposition for January 9, 2020. However, the deposition could not go forward as scheduled because Plaintiff transferred to a different prison before the deposition date. To this end, on December 20, 2019, Plaintiff filed a motion to continue his deposition in which he indicated that due to the transfer he did not have access to his property and was in need of time to prepare for the deposition. (ECF No. 50.) On January 3, 2020, the Court granted Plaintiff's request to continue the deposition, and extended the deposition deadline by thirty days, and extended the dispositive motion deadline by ninety days from the date of a final ruling on the then-pending motion to require Plaintiff to post security. (ECF No. 53.)

Shortly after Defendants' motion for Plaintiff to post security was denied, Defendants noticed Plaintiff's deposition to be taken on February 26, 2020. However, on the morning of the deposition, defense counsel was notified that Plaintiff had been sent out to court on another matter, and the deposition could not go forward. (Mathison Decl. ¶¶ 2-3, ECF No. 58.)

The unforeseen circumstances set forth by Defendants supports the finding of good cause to extend the discovery deadline and extend the correlating dispositive motion deadline. Accordingly, the Court will extend the discovery and dispositive motion deadlines.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to extend the discovery and dispositive motion deadlines is granted;

2.      Defendants' motion to extend the discovery and dispositive motion deadlines is

4

granted; and

3. The discovery deadline is extended to **June 1, 2020**, and the dispositive motion deadline is extended to **July 10, 2020**.

IT IS SO ORDERED.

Dated: **April 1, 2020**

_____
UNITED STATES MAGISTRATE JUDGE