UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. QUILLEN, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01370-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, AND DIRECTING DEFENDANTS TO PRODUCE DOCUMENTS FOR IN CAMERA REVIEW<br><br>[ECF No. 63] |

Plaintiff Devonte B. Harris is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed on April 27, 2020.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Sandor, Molina, Thomas and Bugarin for retaliation, and against defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana for excessive force.

Defendants filed an answer to the complaint on June 29, 2018. On July 2, 2018, the Court issued the discovery and scheduling order.

///

///

1

As previously stated, on April 27, 2020, Plaintiff filed the instant motion to compel.  (ECF No. 63.)  Defendants filed an opposition on May 18, 2020.  (ECF No. 65.)  Plaintiff did not file a reply and the time to do so has expired.  Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 22.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

### III.
### DISCUSSION

Plaintiff seeks documents responsive to his discovery request for documents relating to confidential inquiry by CDCR into his excessive force allegations, for the events that are the subject of this action. In

particular, Plaintiff seeks records of the appeal inquiry for his staff complaint, and records of the investigation of the use of force (use of force critique).

These records were withheld by Defendants pursuant to objections and claims of privilege, and were identified in a privilege log Defendants served with their response to Plaintiff's document production requests. Defendants later discovered that these records were not responsive to Plaintiff's request for production, which requested documents related to confidential inquiry by CDCR into Plaintiff's excessive force allegations on December 19, 2012 (the date of the events in this lawsuit). Defendants therefore prepared and served an amended response to Plaintiff's request for production, with a modified privilege log that omits the records that are not responsive. With regard to the appeal inquiry records of Plaintiff's staff complaint alleging excessive force on December 19, 2012, Defendants withheld these documents pursuant to objections and claims of privilege.

### A.   Records of Appeal Inquiry on Plaintiff's Staff Complaint

Defendants argue that these items, which are concededly available to them, are protected by the official information privilege. They claim that these documents, if disclosed, would jeopardize the safety and privacy rights of non-party inmates and correctional staff and undermine the California Department of Corrections and Rehabilitation's ability to conduct confidential investigations.

Defendants acknowledge that, in federal cases, questions of privilege are resolved pursuant to federal law. Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). They note, however, that federal law recognizes a qualified privilege for official information. See Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975). The qualified privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken ...." Id. Defendants have provided the declaration of M. Kimbrell, Litigation Coordinator at California State Prison-Corcoran, who asserts, in pertinent part, the following:

> Inmate Harris's document request seeks records of confidential internal investigations. Such documents include documents related to internal CDCR investigations and reviews of its officers and employees, and their personnel files. These documents also contain private information about CDCR officers and employees, and in some cases, could include private information about third-party inmates. These documents further contain confidential information regarding how CDCR responds to threats to institutional safety and security. I have reviewed such documents related to the events occurring on December 12, 2012, that are the subject of this lawsuit, and can confirm that these documents contain such information.

> Inmate Harris's document request seeks records of allegations of the use of excessive force by the Defendant correctional officers. Allegations made by inmates against prison officers or employees are known as staff complaints. Information and documents regarding staff complaints and other allegations of misconduct, as well as investigations into such complaints, are confidential. Such information is maintained as confidential to encourage witnesses to make truthful statements, and to encourage investigating staff to accurately report their findings. Disclosing this type of information would hinder CDCR's ability to conduct accurate and reliable investigations, which could jeopardize the safety and security of the prisons under its management.
>
> Moreover, inmates in California correctional facilities such as inmate Harris are routinely subject to intense pressure from other inmates, including prison gang members, to disclose private information they may learn about others, including other inmates and CDCR staff. Inmates who obtain confidential information are at risk from other inmates who may use force to obtain it, endangering the security of the correctional facilities and the safety of other inmates and staff. Furthermore, inmate Harris has little incentive not to provide this information to other inmates, particularly because such information could be very valuable and traded for money or favors (which also makes it more likely that he would be pressured via threats of violence to provide the information to other inmates).

(ECF No. 63 at 25-26.)

Before balancing of interests of the party seeking discovery against the governmental entity asserting the privilege, the party invoking the privilege must make a "substantial threshold showing" by affidavit or declaration. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995). The affidavit or declaration must include:

> (1) an affirmation that the agency generated or collected the material at issue and has in fact maintained its confidentiality ...; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made.

Kelly, 114 F.R.D. at 670. "A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden." Id. "If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue." Soto, 162 F.R.D. at 613.

1    As indicated above, Defendants withheld every document without regard to its content or
2 importance to this case. Defendants did not address the importance of the documents to Plaintiff,
3 notwithstanding the case law which requires a balancing of the benefits against the harm of disclosure.
4 See Wells v. Gonzales, No. 1:17-cv-01240-DAD-EPG (PC), 2019 WL 4054022 at *4 (E.D. Cal. Aug.
5 28, 2019), citing Sanchez v. City of Santa Ana, 936 F.2d 1017 at 1033-34.

6    Defendants have also failed to address any specific harm posed by the production of the
7 withheld documents. Defendants do not contend that any specific document threatens the safety and
8 security of the institution, staff or inmates based on its content. Instead, defendants simply rely on the
9 declaration of M. Kimbrell for the proposition that disclosure of any and all withheld documents
10 would endanger the safety of staff and inmates. However, Kimbrell's declaration does not specifically
11 address any of the documents actually withheld.

12    To the extent Defendants' contend they may withhold every document related to the
13 investigation of the allegations of excessive force from discovery, it is not legally supported. See
14 Wells v. Gonzales, 2019 WL 4054022 at *6 ("In conclusion, Defendant's claim that she may withheld
15 every document regarding any grievance, confiscation slip, incident report, or investigation at the
16 prison from discovery is not legally well supported."); Harris v. German, No. 1:15-cv-01462-DAD-
17 GSA (PC), 2019 WL 4640503 at *8-9 (E.D. Cal. Sep. 24, 2019) (in case where prisoner alleged
18 excessive force, court ordered defendants to produce redacted investigation report after balancing
19 benefits against harm of disclosure); Caruso v. Solorio, No. 1:15-cv-00780-AWI-EPG (PC), 2018 WL
20 2021019 at *4-5 (E.D. Cal. May 1, 2018) (court overrules official information privilege as to witness
21 statements and evidence as described in order); Watkins v. Murphy, No. 2:17-cv-1041 JAM AC P,
22 2018 WL 5278819 (E.D. Cal. 2018) (in case where prisoner alleged excessive force, following in
23 camera review, court allowed prisoner to review documents sought in discovery and to take notes).

24    In sum, the Court finds that the affidavit provided by defendants fails to make this threshold
25 showing. The harms identified by Kimbrell are too vague and generic to pass muster. As noted above,
26 many of Kimbrell's asserted harms focus on the potential disclosure of staff and non-party inmates'
27 confidential or private information.   However, nothing in the record demonstrates that this concern
28 could not be adequately addressed by redacting sensitive information.  Furthermore, Kimbrell's claim

6

that the documents' disclosure could negatively affect the CDCR's ability to conduct "accurate and reliable investigations" is not persuasive.  However, courts have previously rejected similar, broad justifications for invoking privilege.  See, e.g., Chism v. County of San Bernadino, 159 F.R.D. 531, 534-35 (C.D. Cal. 1994) ("[A] general assertion that a police department's internal investigatory system would be harmed by disclosure of the documents is insufficient; a resisting party must specifically describe how disclosure of the requested documents in the particular case in question would be harmful.").

Accordingly, Plaintiff's motion to compel will be granted, and Defendants will be ordered to produce the responsive documents for in camera review.[1]  Defendants shall submit a clean copy of these documents and a copy containing any proposed redactions.  The undersigned will then determine whether limited and/or redacted disclosure of these documents to Plaintiff is appropriate.

**B.      Incident Report Use of Force Critique Records**

As stated above, Defendants withheld documentation in response to Plaintiff's request for incident reports based on objections and claims of privilege.  However, Defendants later discovered that these records were not responsive to Plaintiff's request for production, which requested documents related to confidential inquiry by CDCR into Plaintiff's excessive force allegations on December 19, 2012 (the date of the events in this lawsuit).  Defendants therefore prepared and served an amended response to Plaintiff's request for production, with a modified privilege log that omits the records that are not responsive.

Defendants argue that because the documents do not pertain to the instant case, and were not responsive to the discovery request, the Court should not order them disclosed. Defendants further subject that, at a minimum, Defendants request that the Court conduct an *in camera* review to make its own determination in this regard.

---

[1] Defense counsel is reminded of the obligation to act in good-faith when responding to discovery requests under the applicable law.  As stated in the Court's July 2, 2018 discovery and scheduling order, "[b]oilerplate objections are disfavored and may be summarily overruled by the Court."  (ECF No. 22.)  If any party attempts to withhold documents or provide adequate responses to discovery requests until the other side institutes ligation over the matter through a motion to compel or other relief, then the Court may be inclined to rely solely on the initial response in deciding the matter and for other relief as the court deems just. The court is very attuned to the fact that litigation may require amendments to discovery responses in light of the focused litigation and motions to compel further responses, but is also mindful that it often does not. Careful attention should be given to a first response so as to avoid unnecessary litigation.

The Court finds that the investigative materials regarding the December 19, 2012 use of force against Plaintiff are clearly relevant to the issues underlying this case. Further, to the extent, Defendants claim these documents are protected by official privilege, such argument fails for the same reasons explained above.

It is not clear whether there are documents responsive to Plaintiff's request regarding the December 19, 2012 incident. Defendants merely state that the documents initially identified on the privilege log involved a September 18, 2012 incident, but Defendants do not indicate what, if any, investigation was done to determine whether there are responsive documents pertaining to the December 19, 2012 incident. Accordingly, Defendants will be directed to provide an amended response, and produce any relevant documents, including the initial documents identified in the privilege log for the Court's in camera review. Defendants shall submit a clean copy of these documents and a copy containing any proposed redactions. The undersigned will then determine whether limited and/or redacted disclosure of these documents to Plaintiff is appropriate.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel filed on April 27, 2020 (ECF No. 63) is granted; and
2. Within **thirty (30)** days from the date of service of this order, Defendants shall produce file an amended response to Plaintiff's request for records of the investigation of the use of force for the December 19, 2012 incident. Defendants shall also produce documents in response to Plaintiff's requests records of the appeal inquiry for his staff complaint and records of the investigation of the use of force (use of force critique); and

///
///
///
///
///
///

3. Defendants shall submit a clean copy of these documents and a copy containing proposed redactions. The undersigned will then determine whether limited and/or redacted disclosure of these documents to Plaintiff is appropriate.

IT IS SO ORDERED.

Dated:   **June 5, 2020**

UNITED STATES MAGISTRATE JUDGE