UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. QUILLEN, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01370-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED<br><br>[ECF No. 72] |

　　　　Plaintiff Devonte B. Harris is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion to amend the complaint, filed June 29, 2020.[1]

**I.**

**RELEVANT BACKGROUND**

　　　　This action is proceeding against Defendants Sandor, Molina, Thomas and Bugarin for retaliation, and against defendants Quillen, Carranza, Alvarado, Hurtado, Perez and Magana for

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

1

excessive force.

Defendants filed an answer to the complaint on June 29, 2018. On July 2, 2018, the Court issued the discovery and scheduling order.

On April 8, 2019, Defendants filed a motion to require Plaintiff to post security as a vexatious litigant. Plaintiff filed an opposition on May 28, 2019, and Defendants filed a reply on June 3, 2019.

On June 27, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion to declare Plaintiff a vexatious litigant be denied. (ECF No. 48.) On January 28, 2020, the Findings and Recommendations were adopted in full. (ECF No. 54.)

As previously stated, on June 29, 2020, Plaintiff filed a motion to amend the complaint, along with a copy of the proposed amended complaint. (ECF Nos. 72, 73.) Defendants filed an opposition on July 29, 2020. (ECF No. 76.) Plaintiff did not file a reply, and the time to do so has expired. Local Rule 230(l). Accordingly, Plaintiff's motion is deemed submitted for review without oral argument. (Id.)

## II.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v.

Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  Further, undue delay alone is insufficient to justify denial of a motion to amend.  Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The district court has broad discretion in supervision of the pretrial phase of litigation.  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.  Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied.  Id.  Where the request to amend is after a date established in the Rule 16 scheduling order, the party must first show good cause to amend before the court considers whether amendment is appropriate under Rule 15.  Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); Johnson v. Mammoth Recreations, Inc., 975 F.2d at 607-08.  Indeed, motions filed after the deadlines set in the scheduling order are untimely and may be denied solely on this ground. See Johnson v. Mammoth Recreations, Inc., 975 F.2d at 608-09. "A scheduling order 'is not a frivolous piece of paper, idly entered[.]' " Id. at 610 (citation omitted). "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Id.

Pursuant to the amended discovery and scheduling order, the deadline to amend the pleadings expired on March 4, 2019.  (ECF No. 32.)  Because Plaintiff did not amend the complaint within 21 days of service of the answer, Plaintiff's motion to amend the complaint was due on or before March 4, 2019.  (Id.)  However, Plaintiff did not file the instant motion until June 29, 2020.  Therefore, Plaintiff

3

must show good cause to modify the discovery and scheduling order under Federal Rule of Civil Procedure 16, before the Court proceeds to the analysis under Rule 15(a).

## III.
## DISCUSSION

### A.  Plaintiff's Motion is Untimely Under Rule 16

Plaintiff seeks to file an amended complaint to add Defendant Belnap to this action. However, the motion is untimely, having been filed a year and a half after the deadline imposed by the Court's discovery and scheduling order, for filing such a motion. (ECF No. 32.) In addition, Plaintiff fails to show good cause to now change that deadline. Indeed, Plaintiff's motion to amend does not address any diligence on his part in seeking to amend the complaint, and he provides no reason whatsoever as to why he wanted until a year and a half after the deadline to amend expired and just a few months prior to the discovery deadline. Rather, Plaintiff simply contends that he inadvertently omitted Defendant Belnap from the original complaint. (ECF No. 72 at 2.) This fact does not indicate diligence or good cause. See In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737-38 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."). Accordingly, Plaintiff's motion to amend should be denied as untimely. See, e.g., Lennar Mare Island, LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015); see also Jackson v. Laureate Inc., 186 F.R.D. 605 (E.D. Cal. 1999) ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendment[s].") (quoting Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364, 1371 (1st Cir. 1991)).

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after

4

being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 14, 2020**

UNITED STATES MAGISTRATE JUDGE