UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. QUILLEN, et al.,<br><br>　　　　Defendants. | No. 1:17-cv-01370-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 80, 84) |

Plaintiff Devonte B. Harris is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**BACKGROUND**

On March 5, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment (Doc. No. 80) be denied in part and granted in part. (Doc. No. 84.) Specifically, the pending findings and recommendations recommended that defendants' motion be granted as to plaintiff's retaliation claim and as to plaintiff's excessive force claim against defendant Magana; but denied as to plaintiff's excessive use of force claim against the remaining defendants Alvarado, Carranza-Rico, Hurtado, Perez and

1

Quillen, and also denied as to defendants' argument that this action is barred by the applicable statute of limitations. (*Id*. at 17.) The findings and recommendations were served on the parties and contained notice that objections were due within thirty (30) days. (*Id*. at 18.) After an extension of time was requested and granted, defendants filed timely objections on June 21, 2021. (Doc. No. 95.) Plaintiff did not file a reply thereto.

The pending findings and recommendations determined that plaintiff's § 1983 claims began to accrue on December 19, 2012.[1] (Doc. No. 84 at 8.) However, plaintiff did not commence this action until October 6, 2017. (*Id.*) The pending findings and recommendations outlined that plaintiff's claims were nonetheless timely because the statute of limitations period was tolled: (1) during the time plaintiff pursued his administrative remedies (from December 19, 2012 until May 8, 2013 as to his excessive use of force claim and until June 26, 2013 as to his retaliation claim); (2) for up to four years – two years due to plaintiff's incarcerated status, plus the two year statute of limitations period – (until May 8, 2017 for his excessive use of force claim and June 26, 2017 for his retaliation claim); and (3) due to equitable tolling during the period of time plaintiff pursued these claims in another action, which he commenced on May 4, 2017, where those § 1983 claims were erroneously dismissed, rather than severed, because the court neglected to conduct the required analysis to ensure there would be no loss of otherwise timely claims since new suits would have been barred by the statute of limitations. (*Id.* at 5, 9–11.)

In their objections, defendants present two main arguments related to the assessment of the running of the statute of limitations set forth in the pending findings and recommendations. First, defendants argue that this action is barred by the statute of limitations and "cannot be timely unless Plaintiff is found to be entitled to consecutive (versus concurrent) tolling on three separate bases: statutory tolling for his prisoner status; equitable tolling for his time to exhaust administrative remedies; and equitable tolling for the pending time of a prior action he filed

---

[1] Unlike the length of the statute of limitations or tolling, federal courts apply federal law in determining when a § 1983 cause of action accrues. Under federal law, a § 1983 action accrues, and the statute of limitations begins to run, when the defendants' alleged wrongful act or omission causes damage(s). *See Wallace v. Kato,* 549 U.S. 384, 388 (2007). In this regard, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris,* 370 F.3d 945, 955 (9th Cir. 2004).

involving the same claims and Defendants." (Doc. No. 95 at 1–4.) Defendants assert that the availability of consecutive tolling has not been "firmly settled," however; they further note that there is currently no governing Ninth Circuit authority prohibiting consecutive tolling of the applicable statute of limitations. (*Id.* at 3.) However, defendants nonetheless ask this court to follow "the appropriate district court decisions' precedent" and dismiss this action as time-barred. (*Id.*) Second, defendants argue that plaintiff is not entitled to equitable tolling under California law and further that the pending findings and recommendations neglected to address two of the required three factors in the analysis of plaintiff's claim of entitlement to equitable tolling. (*Id.* at 5–6.) In doing so, defendants largely reiterate the arguments that they raised in their motion for summary judgment—arguments that were already fully addressed by the findings and recommendations.

## ANALYSIS

**A.     The Availability of Consecutive Tolling**

As discussed at length in the pending findings and recommendations, because § 1983 does not contain a specific statute of limitations, federal courts apply the forum state's statute of limitations applicable to personal injury actions. *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011); *Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions is two years. *Jones*, 393 F.3d at 927.

Federal courts also apply the forum state's laws with respect to tolling of the statute of limitations insofar as state law is not inconsistent with federal law. *Jones*, 393 F.3d at 297. Under California law, the statute of limitations is tolled for up to two years where the cause of action accrues while the plaintiff is in prison. *See* Cal. Civ. P. Code § 352.1. As such, plaintiff had up to four years (the two-year limitations period plus the two-year statutory tolling due to plaintiff's incarceration) to file his § 1983 action in this court. *See, e.g.*, *Watkins v. Singh*, No. 2:12-cv-1343-GEB-DAD, 2014 WL 2930536, at *2 (E.D. Cal. June 27, 2014), *aff'd sub nom. Watkins v. Spears*, 627 F. App'x 631 (9th Cir. 2015). The statute of limitations is also tolled during the period of time a prisoner is required to exhaust his administrative remedies. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). Finally, California law also recognizes that equitable

tolling is permissible after an erroneous dismissal of a timely filed action or when the absence of a forum for resolution of a claim was due to forces outside of the plaintiff's control. *Bollinger v. Nat'l Fire Ins. Co. of Hartford, Conn.*, 25 Cal. 2d 399 (1944).

California's general provision for equitable tolling of a statute of limitations "operates independently . . . of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones*, 393 F.3d at 928 (internal quotation marks and citations omitted). While the Ninth Circuit has yet to address this precise question—as noted in the pending findings and recommendations—many courts have found that allowing for consecutive tolling is "most consistent with Ninth Circuit authority on tolling pending exhaustion of administrative relief" and "more consistent with the mandate of [the California Supreme Court] to tack time to the end of the limitations period for equitable tolling."[2] *Valoff*, 422 F.3d at 943; *see also Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370–71 (2003), as modified (Aug. 27, 2003)[3]; *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-SKO, 2017 WL 2958731, at *6 (E.D. Cal. July 11, 2017); *Elmore v. Arong*, No. CIV S-07-1463 WBS EFB P, 2010 WL 366628, at *2 (E.D. Cal. Jan. 26, 2010); *Carranza v. Lewis*, No. 15-cv-00682-YGR

---

[2] In *Lantzy*, the California Supreme Court advocated for consecutive tolling through its discussion of tacking the tolled periods onto the end of the limitations period:

> As these cases illustrate, the effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, *no matter when it took place*, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.

*Lantzy*, 31 Cal. 4th at 370–71 (emphasis added).

[3] The pending findings and recommendations cite this section of *Brown* in a lengthy block quotation and discussion of the district court's decision in *Stevenson*. (Doc. No. 84 at 8–10.) In their objections, defendants confusingly argue that by relying on this citation to *Valoff*, the court in *Stevenson* erred because, they assert, the Ninth Circuit in *Valoff* did not explicitly address whether tolling due to exhaustion of administrative remedies and the incarceration status of a prisoner, run consecutively or concurrently. (Doc. No. 95 at 3.) While it is true the court in *Valoff* did not address this precise question, defendants misinterpret what the district court in *Stevenson* stated in citing *Valoff*. In the *Stevenson* opinion, the district court stated only that the Ninth Circuit in *Valoff* tolled the limitations period for a prisoner "during the administrative exhaustion process without regard to statutory tolling." This is an accurate characterization of the Ninth Circuit's decision.

(PR), 2017 WL 1050538, at *18 (N.D. Cal. Mar. 17, 2017; *Beard v. Pennington*, No. 14-cv-03128-YGR (PR), 2015 WL 7293652, at *6–7 (N.D. Cal. Nov. 19, 2015); *Burns v. Crook*, No. 07-cv-1984-JLS (WMc), 2008 WL 5103183, *3 (S.D. Cal. Dec. 3, 2008).

Thus, defendants do not provide a basis upon which to reject the pending findings and recommendations with regard to the recommendation to apply consecutive tolling under the circumstances presented here. Because the Ninth Circuit has not spoken on the issue, the cases cited by defendants to support their arguments in this regard are unavailing because they are not binding on this court. The undersign agrees that under the facts of this case, it is appropriate to apply consecutive tolling in accordance with guidance provided by the California Supreme Court in *Lantzy* and in keeping with the logic of many other California district courts cited above.

**B.     The Availability of Equitable Tolling**

Defendants' second argument advanced in their objections challenges the availability of equitable tolling during the period of time that plaintiff pursued the § 1983 claims that form the basis for this action in another complaint he filed in this court. (Doc. No. 95 at 5–6.) Under California law, three conditions must be met in order to equitably toll a statute of limitations: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted.) While the pending findings and recommendations arguably conflated the analysis of the three required conditions, defendants are incorrect in suggesting that those findings and recommendations failed to address any of those required conditions.[4] (Doc. No. 95 at 5.)

As noted above, plaintiff Harris commenced a prior lawsuit, *Harris v. Gipson*, No. 1:17-cv-00640- LJO-SAB (PC) (E.D. Cal.) on May 4, 2017. (Doc. No. 84 at 5.) "The complaint named as Defendants nine of the ten Defendants in the present action (all except G. Thomas) as

---

[4] Moreover, defendants challenge only plaintiff's ability to meet two of the three conditions: defendants do not contest that the first condition related to notice was met here. (Doc. No. 95 at 5 n.3.)

5

1   well as other persons who are not Defendants in the present action." (*Id.*)  On September 18,

2   2017, plaintiff voluntarily dismissed the nine defendants named in the present action from the

3   *Harris v. Gipson* action, terminating them from that case. (*Id.*)  As detailed in the pending

4   findings and recommendations, those claims were mistakenly dismissed rather than severed

5   without the proper prejudice analysis:

> Because Plaintiff voluntarily dismissed the claims against the Defendants from the prior action, the Court did not have occasion to consider the potential prejudice of dismissal versus severance. The Court concludes that if it had performed the requisite prejudice analysis, it would have concluded that severance, rather than dismissal, was warranted.  It is clear that Plaintiff is prejudiced by the fact that the claims against Defendants were dismissed instead of severed because the statute of limitations ran prior to filing the instant action.  Accordingly, under the rationale set forth in Rush, the Court finds that Plaintiff is entitled to equitable tolling to allow relation back to the timely May 2017 filing date rendering the instant action timely. See Rush v. Sport Chalet, Inc., [779 F.3d 973, 975 (9th Cir. 2015)].

13  (Doc. No. 84 at 11.)

14         In *Rush*, the Ninth Circuit reversed and remanded a district court opinion because *the*

15  *court* erred in dismissing, rather than severing, the claims of misjoined parties without conducting

16  a prejudice analysis to ensure there was no "loss of otherwise timely claims if new suits are

17  blocked by statutes of limitations." *Rush*, 779 F.3d at 975.  Accordingly, pursuant to the directive

18  of the Ninth Circuit in *Rush*, plaintiff's § 1983 claims should not have been dismissed, but instead

19  should have been severed.  Defendants' argument that they are prejudiced by being required to

20  defend against the otherwise-barred claims misses the mark in this regard. (Doc. No. 95 at 5)

21  ("[T]he Findings and Recommendations do not address the other required condition for applying

22  equitable tolling—that Defendants must not be prejudiced by having to defend the otherwise

23  barred claims.")  In the discussion of this issue, the pending findings and recommendations

24  focused on the second prong (prejudice) of the equitable tolling test because that analysis

25  addressed why the claim was not "otherwise barred." (Doc. No. 84 at 10–11.)  Furthermore,

26  defendants' arguments as to how they are prejudiced by the granting of equitable tolling here are

27  based on nothing more than the normal difficulties of litigation and do not provide a basis upon

28  which to reject the conclusion reached in the pending findings and recommendations.

1   Defendants also suggest that plaintiff is unable to meet the third prong of the test to
2   establish his entitlement to equitable tolling, which requires a plaintiff to act reasonably and in
3   good faith, because here plaintiff voluntarily dismissed his claims presented in *Harris v. Gipson*.
4   (Doc. No. 95 at 5.)  This objection, too, is unpersuasive.  In the prior action, plaintiff's complaint
5   was screened, and the court determined that he had brought "several separate claims for relief
6   against several different individuals, some of which are unrelated and improperly joined in a
7   single action."  Order (Aug. 9, 2017), *Harris v. Gipson*, No. 1:17-cv-00640- LJO-SAB (PC),
8   (Doc. No. 8 at 6–7.)  Plaintiff was given the option only to proceed on related claims as required
9   by Rules 18 and 20 of the Federal Rules of Civil Procedure and was explicitly admonished by the
10  court that "[a]ny attempt to join claims that are not permitted by the Federal Rules of Civil
11  Procedure will result in those claims being dismissed and/or severed as improperly joined."  (*Id*.
12  at 7.)  Accordingly, plaintiff reasonably followed the directives of the magistrate judge assigned
13  to that action and filed a notice of voluntary dismissal of certain of his claims.  Notice of
14  Voluntary Dismissal, *Harris v. Gipson*, No. 1:17-cv-00640- LJO-SAB (PC), (Doc. No. 11.)

15  Defendants' argument on this issue is also unpersuasive because it was the duty of the
16  court—not the plaintiff—to conduct a proper prejudice analysis and to sever plaintiffs' claims.
17  The undersigned otherwise agrees with the magistrate judge's determination and finds no error
18  with the analysis set forth in the pending findings and recommendations regarding plaintiff's
19  entitlement to equitable tolling here.  (Doc. No. 84 at 10–11.)

20  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
21  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
22  including defendants' objections, the court finds the findings and recommendations to be
23  supported by the record and by proper analysis.

24  **CONCLUSION**

25  Accordingly,
26  1.   The findings and recommendations issued on March 5, 2021 (Doc. No. 84) are
27       adopted;
28  /////

7

2. Defendant's motion for summary judgment is granted in part and denied in part (Doc. No. 80) as follows:

   a. The motion is granted as to plaintiff's retaliation claim brought against defendants Sandor, Thomas, Molina and Bugarin;

   b. The motion is granted as to plaintiff's excessive use of force claim brought against defendant Magana;

   c. The motion is denied as to plaintiff's excessive use of force claim brought against defendants Alvarado, Carranza-Rico, Hurtado, Perez and Quillen; and

   d. The motion is denied as to defendants' argument that this action is barred by the applicable statute of limitations; and

3. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **September 15, 2021**

UNITED STATES DISTRICT JUDGE