UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. QUILLEN, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-01370-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF. No. 98) |

　　　　Plaintiff Devonte B. Harris is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On September 29, 2021, the court directed Plaintiff to file his pretrial statement on or before February 4, 2022.  (Doc. No. 97.)  However, Plaintiff failed to file his pretrial statement.  Therefore, on February 15, 2022, the Court directed Plaintiff to show cause within twenty-one (21) days why the action should not be dismissed.  (Doc. No. 98.)  Plaintiff was warned that failure to file a response would result in dismissal of the action.  (Id. at 2.)  More than twenty-one (21) days have elapsed and Plaintiff has not complied.

**I.**

**DISCUSSION**

　　　　"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing

1

Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); Local Rule 110; Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

The court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since October 2017, and there is no evidence that plaintiff has made any attempt to file a pretrial statement.  Plaintiff's failure to file a timely pretrial statement despite being warned that his case may be dismissed has already resulted in the court modified the deadlines in this case, thereby impeding resolution of this case. (ECF No. 100.)

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Plaintiff has provided no explanation for his failure to timely comply with the court's order and his failure impairs the defendants' ability to file a responsive pretrial statement and to prepare for and proceed to trial.

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the other factors in favor of dismissal discussed herein.

Finally, at this late stage in the proceedings, the Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

The Court has already warned plaintiff that failure to file a pretrial statement may result in dismissal of the action. (ECF. No. 98.)  The Court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the "consideration of the alternatives" requirement. Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-133; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)).  In light of the other matters which cannot be properly addressed until plaintiff has filed a pretrial statement, further extensions of time are not feasible.  Furthermore, given Plaintiff's *in forma pauperis* status, he would likely be unable to pay any monetary sanctions, making them of little use. Therefore, the instant action should dismissed without prejudice as a result of Plaintiff's failure to file a pretrial statement.

## II.

## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed without prejudice for Plaintiff's failure to file a pretrial statement.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2022**

UNITED STATES MAGISTRATE JUDGE

3